**CLOSED CIVIL CASE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 98-2301-CIV-MIDDLEBROOKS

VLADIMIR VORONCHENKO,

    Plaintiff,

vs.

ROBERT A. WALLIS, District Director,
et al.,

    Defendants.
_____/



FILED by ASF  D.C.

DEC 23 1998

CARLOS JUENKE
CLERK U.S. DIST. CT.
S.D. OF FLA. - MIAMI

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** comes before the Court upon Defendants' Motion to Dismiss, filed November 30, 1998.

### I. LEGAL STANDARDS

Defendants contend in their Motion to Dismiss that this court does not have subject-matter jurisdiction. Generally, a district court may dismiss a case for lack of subject-matter jurisdiction on any one of three separate bases: (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. See *Williamson v. Tucker,* 645 F.2d 404 (5th Cir. 1981), *cert. den.,* 454 U.S. 897, 109 S.Ct. 392. If the attack on the complaint is based upon some deficiency in the complaint, then the court must consider the plaintiff's allegations as true; however, such deference is not appropriate when an attack on jurisdiction is premised on the court's resolution of disputed facts. See *Eaton v. Dorchester,* 692 F.2d 727 (11th Cir. 1982). A complaint may



be dismissed for lack of subject-matter jurisdiction if a plaintiff sues under a federal statute, then fails to assert a statutorily provided ground for jurisdiction. See *Yeager v. Norwest Multifamily, Inc.*, 865 F.Supp. 768 (M.D. Ala. 1994). Where facts are disputed, on the other hand, a court may look beyond the complaint, weigh the evidence and "decide for itself the factual issues that determine jurisdiction...[so long] as the plaintiff [has] ample opportunity to present evidence bearing on the existence of jurisdiction." *Colonial Pipeline Co. v. Collins,* 921 F.2d 1237, 1243 (11th Cir. 1991)

## II. INTRODUCTION

Plaintiff is a resident alien of the United States who currently resides within the jurisdiction of this Court. On November 4, 1991, Plaintiff submitted an N-400 application for naturalization with the INS office in New York City. On September 12, 1995, the INS informed Plaintiff that they had scheduled an interview for December 1, 1995. Plaintiff notified the INS office that he could not attend the interview because of a prior conflict, and requested that the interview be rescheduled. It bears noting that Plaintiff does not allege that he notified the INS office in writing. Plaintiff did not obtain a reply from the office. Plaintiff did not attend the interview.

Plaintiff filed a second N-400 petition on July 21, 1998, with the INS office in his new hometown of Newark, New Jersey. Plaintiff never received a notice of interview, and alleges that he received no other communication from the Newark INS office concerning his second N-400 petition.

Plaintiff filed his Complaint on October 23, 1998, asserting a claim to naturalization under 8 U.S.C. §1447(b) and 8 U.S.C. §1421(c).

## III. ANALYSIS

8 U.S.C. §1421 vests authority to naturalize persons as citizens of the United States upon the Attorney General. §1421(c), which provides for judicial review of decisions to naturalize, states in relevant part:

> A person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court...

§1447, the provision governing hearings on denials for applications for naturalizations, goes on to provide, in relevant part:

> (a) If, after an examination for naturalization is denied, the applicant may request a hearing before an immigration officer.
>
> (b) If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court..."

Section 1446(b) vests authority in certain designated employees of the INS, *inter alia,* to:

> take testimony concerning any matter concerning any matter touch or in any way affecting the admissibility of any applicant for naturalization,...and to require by subpena the attendance and testimony of witnesses, including applicant, before such employee so designated...

A close reading of the statutes impels the court to the conclusion that jurisdiction may not be invoked by this court until either: 1) a hearing on the application has been conducted; or 2) an examination of the application has been conducted, and the INS has failed to make a determination within 120 days. Plaintiff has failed to allege that either of these events have occurred.

3

The applicable Code of Federal Regulations provision allows the INS to administratively close applications where an applicant fails to appear for an INS examination and fails to notify the INS, in writing, of the reason for the applicant's non-appearance. 8 C.F.R. §335.6. As we noted previously, Plaintiff does not allege that he notified the INS in writing of his inability to attend the scheduled interview. Plaintiff does not dispute that Defendants had authority to adminstratively close Plaintiff's application under §335.6 when Plaintiff failed to notify Defendants in writing. Defendants allege, and Plaintiff does not dispute, that Plaintiff currently has no application for naturalization currently pending. Plaintiff had an opportunity to present conflicting testimony in a response to Defendants' Motion to Dismiss; Plaintiff eschewed this opportunity by failing to respond to the motion. See *Collins, supra.*

### IV.

In light of the foregoing, and as the events that may trigger this Court's jurisdiction under 8 U.S.C. §1447(b) and 8 U.S.C. §1421(c) have not occurred, it is therefore

**ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss is **GRANTED** and that Plaintiff's Complaint is hereby **DISMISSED**. It is further

**ORDERED AND ADJUDGED** that this case is hereby **CLOSED** and any and all pending motions are **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida this 23rd day of December, 1998.

DONALD M. MIDDLEBROOKS
UNITED STATES DISTRICT JUDGE

CC: counsel of record

4